PHILIP H. LO, SBN: 178538
plo@grsm.com
TIFFANY K. ACKLEY, SBN: 246903
tackley@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614
Telephone: (949) 255-6987
Facsimile:  (949) 474-2060

Attorneys for Plaintiff
M S INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| M S INTERNATIONAL, INC., an Indiana corporation<br><br>Plaintiff,<br><br>vs.<br><br>FQI CHARLOTTE LLC dba FIRST QUALITY INTERIORS, a North Carolina limited liability company; CHRIS J. LOUCY, an individual; CHRISTINE L. LOUCY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:21-cv-00939-JVS-ADSx<br><br>Presiding Judge:<br>Honorable James V. Selna<br>Courtroom 10C, Santa Ana<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>**[Fed. Rules Civ. Proc., Rule 55(b)(1)]** |

TO:   THE HONORABLE COURT, THE CLERK OF COURT AND ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, at 10:00 a.m. or as soon thereafter as the matter may be heard in Room __ of the above-entitled court, Plaintiff MS International ("MSI") will move and hereby does move for default judgment against Defendant FQI CHARLOTTE LLC dba FIRST QUALITY

-1-

1  INTERIORS, a North Carolina limited liability company ("FQI" or "Defendant") pursuant to Fed. R. Civ. P. 55(b)(1) in the sum certain of $155,269.95, which represents the unpaid deficiency balance under a credit based open account established by defendant FQI, contractual default interest in the sum of to be calculated at 18% per annum.  Plaintiff intends to bring a post-judgment motion for attorneys' fees and costs.

MSI requests entry of judgment against Defendant by the Clerk of Court in the above referenced sum pursuant to Fed. R. Civ. P. 55(b)(1) on the grounds that MSI's claim is for a sum certain that can readily be ascertained and computed by reviewing MSI' affidavit filed in support hereof detailing the amounts loaned, the payments made and the deficiency balances remaining under the subject loan agreements.

As provided for in the accompanying memorandum of points and authorities:

(1)   Default against Defendants was entered by the Court on December 29, 2008.  (Dkt No. 41.)

(2)   Said default was entered as to the Complaint filed on April 14, 2021, in California Superior Court, County of Orange and removed by Defendant FQI, *inter alia*, to this jurisdiction on May 24, 2021.  (Dkt No. 1.)

(3)   Defendant is neither an infant nor incompetent person.

(4)   The Service members Civil Relief Act (50 App. U.S.C. § 521) does not apply to this suit, as Defendant FQI is a corporation..

(5)   Notice to Defendant of this motion for entry of default judgment is thus not required under Fed. R. Civ. P. 55(b)(1).

This motion for entry of default judgment will be based on this Notice, the accompanying Memorandum of Points and Authorities, the Affidavit of Plaintiff, filed with this Court on February 1, 2023, all pleadings, papers, and other documentary matter and facts as may be on file, or of which the Court may take judicial notice as of hearing, any opposition or reply paper hereto, and any oral

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

argument as may be heard by the Court

DATED: February 1, 2023                    GORDON REES SCULLY
                                           MANSUKHANI, LLP


                                           By:  */s/ Philip H. Lo*
                                                Philip H. Lo
                                                Tiffany K. Ackley
                                                Attorneys for Plaintiff
                                                MS INTERNATIONAL, INC.

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY

As detailed in the Plaintiff's Affidavit, filed concurrently with this Motion, this is a simplistic commercial collection action involving the breach of a Credit Sales Contract and Security Agreement and accompanying Personal Guarantees by Defendants. Following the Defendant FQI's breah for non-payment, Plaintiff sought to collect on the outstanding balance. The outstanding balance is $155,269.95, which reflects a series of purchase orders and corresponding invoices for stone and tile purchased by Defendant FQI from Plaintiff MSI, from July 9, 2020 to January 5, 2021. Thus, the total sum sought by this motion is $155,269.95. MSI will bring a post judgment motion for attorneys' fees and costs following entry of judgment.

## II. ENTRY OF DEFAULT JUDGMENT IS APPROPRIATE IN THIS INSTANCE.

Default judgment is appropriate if a party fails to plead or otherwise defend a lawsuit. *See* Fed. R. Civ. P. 55(b). The entry of default against a defendant extinguishes the defendant's right to appear in the case with respect to liability issues. *See* Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Federal Rules of Civil Procedure, Rule 55(b)(1) provides, "if the plaintiff's claim is for a sum certain or sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against the defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." (Emphasis added.) A claim is "sum certain" where there is no doubt as to the amount that must be awarded, such as actions on negotiable instruments or where the agreement among the parties fixes the amount owed such that a hearing to

-4-
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
U.S Dist. Case No. 8:21-CV-00939-JVS

calculate damages is not necessary. *Franchise Holding II, LLC vs. Huntington Restaurants Group, Inc.*, 375 F. 3d 922, 927 (9th Cir. 2004).

In the present matter, Defendant FQI failed to retain counsel after its initial counsel of record successfully moved to withdraw as counsel for Defendant FQI on June 30, 2022. [Dkt no. 35.] The Court ordered that Defendant FQI retain new counsel and appear through new counsel 30 days from the withdrawal by former counsel, or July 30, 2022. (*Id*.) The Court then issued an OSC to Defendant FQI, ordering that new counsel appear on behalf of Defendant FQI by August 1, 2022. (*Id*.) The Court properly entered default in this case on December 28, 2022, as Defendant FQI cannot appear without counsel. (Dckt No. 41).

### III. PLAINTIFF MEETS ALL REQUIREMENTS OF RULE 55(B)

*(A)   Default (Rule 55(B)(1))*

Before the entry of default judgment can be entered, default must first be entered in the action. Here, the Court entered default against Defendant FQI on December 29, 2008. (Dkt No. 41.) Counsel for Defendant FQI had been allowed to withdraw as counsel, and FQI failed to appear through new counsel, as ordered by the Court. (*Id*.)

*(B)   Complaint (Rule 55(B)(2))*

Before the entry of default judgment can be entered, Plaintiff must have filed and served Defendant with the Complaint. In this action, the operative pleading was a complaint filed in California Superior Court, County of Orange on April 14, 2021, which had been removed by Defendant FQI, *inter alia*, to this jurisdiction on May 24, 2021. (Dkt No. 1.) Servce was effected in the state court action before removal to this Court, and Plaintiff filed its answer with cross-claim on August 20, 2021. (Dkt No. 24.)

*(C)   Defendant is neither an infant nor incompetent person (Rule 55(b)(1))*

To properly enter default judgment, the defendant must not be an infant or an incompetent person. FQI, a North Carolina corporation, is neither an infant or an incompetent person.

(D) *The Service members Civil Relief Act (50 App. U.S.C. § 521) does not apply*

Defendant FQI is a corporation and is not a Service member as defined in the Civil Relief Act.

(E) *Notice to Defendant of this motion for entry of default judgment is thus not required under Fed. R. Civ. P. 55(b)(1).*

Since default has been entered in this action, notice to the defendant of this motion for entry of default judgment is not required.

## IV. THE DAMAGES CLAIMED ARE A "SUM CERTAIN"

The amount due in this action is fixed and determinable, allowing the entry of a clerk's judgment. The underlying complaint alleges three claims, breach of contract, common count – money for goods sold and delivered and common count – money on open book account, all three for the sum certain of $155,269.95. On approved credit, defendant FQI was able to order and receive products from plaintiff before paying. Plaintiff would also seek interest calculated at 18% per annum (per Credit Application) from the date the complaint was filed, April 14, 2021, which is almost 2 years.

The Declaration of Bhavesh Ghandi supports the plaintiff's "sum certain" as the invoices from the statement of account indicate the delivery of goods as well as the invoiced amount. (See Declaration of Bhavesh Ghandi, ¶¶ _____.) The invoices were timely generated and served with the delivery of the goods to defendant FQI. Payments were made by defendant FQI, with many of the checks being stopped by FQI. (Id., ¶ ____.) The invoices for goods purchased and received by defendant FQI are attached to the Declaration of Mr. Ghandi. (See Ghandi Dec., Exhibit 1.) The Statement of Accounts Receivable for defendant FQI

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

is attached hereto as Exhibit 2 (Exhibit A to the Complaint).  (*Id*., Ex. 2.)  The Application for Credit for defendant FQI is attached hereto as Exhibit 3 (Exhibit B to the Complaint.)  (*Id*., Ex. 3.)

These three exhibits comprise the evidence necessary to establish the "sum certain" of plaintiff's claims against defendant FQI.  The balance due to plaintiff is $155,269.95, subject to 18% per annum interest, and attorney's fees and costs, which plaintiff will move for at a later time.

## V.   CONCLUSION

Plaintiff has demonstrated that's its claims against defendant FQI are "sum certain" and that a clerk's default judgment can be entered.  The accounts receivable statement and corresponding invoices support plaintiff's claims that defendant FQI owes an outstanding balance of $155,269.95 plus interest at 18% annum.  Plaintiff respectfully requests that default judgment in that "sum certain" be entered forthwith.

DATED: February 1, 2023            GORDON REES SCULLY
                                   MANSUKHANI, LLP

                                   By:  */s/ Philip H. Lo*
                                        Philip H. Lo
                                        Tiffany K. Ackley
                                        Attorneys for Plaintiff
                                        MS INTERNATIONAL, INC.